IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSUE AGUAS-LANDAVERDE,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:16-CV-00854
CRIM. NO. 2:15-CR-00183(2)
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. 139). This matter is before the Court on its own motion to consider the sufficiency of the Petitioner's motion pursuant to Rule 4(b) of the Rules governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I.    FACTS AND PROCEDRUAL BACKGROUND

Pursuant to the terms of a Plea Agreement (Doc. 33), Petitioner pled guilty to conspiracy to possess with intent to distribute a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846 (Doc. 59). On April 11, 2016, the Court imposed a sentence of 63 months incarceration plus three years of supervised release. (Doc. 116). Petitioner did not appeal. He did, however, file a Motion to Reduce Sentence re Crack Cocaine Offense, which was denied on June 21, 2016. (Doc. 129).

On September 7, 2016, Petitioner filed the instant motion under 28 U.S.C. § 2255. Relying on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Petitioner asserts an entitlement to a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, under U.S.S.G. § 3B1.2, due to his alleged minor role in the offense.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to obtain relief pursuant to 28 U.S.C. § 2255, a prisoner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quotations omitted). Moreover, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Applying these principles here, Petitioner's motion fails.

*A. Failure to Appeal*

First, as noted above, Petitioner did not appeal. Thus, Petitioner must clear the high bar articulated in *Ray*—namely that prejudice caused his failure to appeal or that he is actually innocent. His Petition makes no such showing. Moreover,

> nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver . . . . [W]hen a federal statute, but not the

2

> Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process.

*Sutton v. United States*, 85 F.3d 629, No. 95-6124, 1996 WL 233981, at *2–3 (6th Cir. May 7, 1996) (quoting *Grant v. United States*, 72 F.3d 503 (6th Cir. 1996)). This is not such a "rare" case, and Petitioner's failure to appeal bars his § 2255 motion.

    B. *Availability of Collateral Relief*

Second, Petitioner relies on *United States v. Quintero-Leyva*, but in that case, the United States Court of Appeals for the Ninth Circuit held that Amendment 794 applies retroactively on *direct appeal*. 823 F.3d at 523. That case did not hold—nor has any other case held—that such relief is available on *collateral review*. *See, e.g.*, *Jones v. United States*, 2016 U.S. Dist. LEXIS 126058, at *3 (E.D.N.C. Sept. 16, 2016) ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.") (citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)); *United States v. Tapia*, 2016 U.S. Dist. LEXIS 124706, at *2 (M.D. Fla. Sept. 14, 2016) ("[Petitioner] erroneously asserts entitlement . . . based on *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) . . . . Amendment 794 is not applied retroactively on collateral review. As a consequence, [the] motion under Section 2255 lacks merit."); *Young v. United States*, 2016 U.S. Dist. LEXIS 112765, at *3–4 (C.D. Ill. Aug. 24, 2016) ("[Petitioner] argues that, under *Quintero-Leyva*, she should be considered for a sentence reduction based on Section 3B1.2's newly amended commentary. But this case is not a direct appeal; it is a collateral attack, and consequently the *Quintero-Leyva* court's reasoning does not apply here."). So, for this additional reason, the motion fails.

*C. Merits of Petitioner's Claim*

Finally, Petitioner has not alleged "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short*, 471 F.3d at 691 (quotations omitted). Instead, he seeks "retroactive" application of the 2015 edition of the United States Sentencing Commission Guidelines Manual applied in this case. (Doc. 139 at 1). Specifically, Petitioner asserts an entitlement to a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, made effective November 1, 2015, under U.S.S.G. § 3B1.2. That Guideline provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

Effective November 1, 2015, Amendment 794 changed the prior version of § 3B1.2 by clarifying that a criminal defendant's culpability is to be determined only by reference to co-participants and not a "typical offender," and providing a non-exhaustive list of factors to be considered by the sentencing court in determining whether to apply a mitigating role adjustment under § 3B1.2 and, if so, the amount of that adjustment.[1] *See United States v. Benally*, No. CR

---

[1] Commentary note 3(C) now states:

> Fact–Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

4

14-3430, 2015 WL 7814678, at *10 n.4 (D.N.M. Nov. 20, 2015) (citing United States Sentencing Commission, Amendments to the Sentencing Guidelines 45 (2015), and U.S.S.G. § 3B1.2, cmt. 3(A) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.")).

At base, Petitioner claims that under the 2015 Guidelines, he would have received a sentence reduction because he was "not as culpable as the other participants in the criminal activity." (Doc. 139 at 4). But the 2015 Guidelines *were* applied in his case. *See, e.g.*, PreSentence Investigation Report, ¶ 30. As such, Petitioner was given the benefit of the changes made by Amendment 794. Further, defense counsel objected to the probation officer's determination that Petitioner did not have a minor role in the offense and accordingly sought a sentence reduction on that basis. (*See* Doc. 114 (filed under seal)). The Court, however,

---

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3(C).

overruled his objection. Thus, Petitioner's complaint is not that the wrong Guidelines were applied but how they were applied.

Furthermore, the probation officer calculated Petitioner's recommended Guideline sentence to be between 121 and 151 months incarceration and further recommended that the Court impose a term of 121 months. *See* PreSentence Investigation Report. However, the Court sustained Petitioner's objection to the relevant conduct determination, reducing his recommended Guideline sentence to between 97 and 121 months incarceration. (*See* Doc. 117 (filed under seal)). Then, pursuant to the government's motion under 18 U.S.C. § 3553/5K1.1, (*see id.*), the Court imposed a sentence to 63 months, which was well below Petitioner's recommended Guideline range.

Considering all of this, Petitioner has not shown "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short*, 471 F.3d at 691 (quotations omitted).

### III.    RECOMMENDED DISPOSITION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  September 23, 2016                                      /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE